Tolbex, Inc. v Kassover (2025 NY Slip Op 02096)

Tolbex, Inc. v Kassover

2025 NY Slip Op 02096

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-07227
 (Index No. 608831/19)

[*1]Tolbex, Inc., respondent, 
v
Philip J. Kassover, etc., appellant, et al., defendants.

Lester Korinman Kamran Masini, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
Lachtman Cohen & Belowich LLP, White Plains, NY (Brian S. Cohen of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Philip J. Kassover appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 30, 2023. The order, insofar as appealed from, denied that branch of that defendant's motion which was to vacate a judgment of foreclosure and sale of the same court dated August 11, 2022.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 27, 2019, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Philip J. Kassover (hereinafter the defendant), as executor of the estate of Ruth Kassover (hereinafter the decedent) and in his individual capacity as the guarantor of the note associated with the mortgage. On the same day, the plaintiff filed a notice of pendency against the subject property.
In an order dated September 28, 2021, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In March 2022, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant did not oppose the motion. In an order dated July 26, 2022, the court granted the plaintiff's motion, and a judgment of foreclosure and sale dated August 11, 2022, was issued. The foreclosure sale was scheduled for December 5, 2022.
On November 30, 2022, the defendant moved to vacate the judgment of foreclosure and sale due to a violation of RPAPL 1331 and to cancel the foreclosure sale. The Supreme Court declined to issue a temporary restraining order staying the foreclosure sale.
On December 2, 2022, the defendant, as executor of the decedent's estate, conveyed title to the subject property to 5 Shore Drive KP, Inc., a corporation the defendant had recently formed.
The foreclosure sale took place on December 5, 2022, after an attempt by the defendant to stay the sale by commencing a chapter 11 bankruptcy proceeding. At the foreclosure [*2]sale, the plaintiff submitted an upset price in the amount of $4,262,666.78, which was the full amount owed to the plaintiff to date. There were no bids submitted that were higher than the upset price. The plaintiff waived any claim for a deficiency judgment against the defendant, both as the executor of the decedent's estate and in his individual capacity.
In an order entered June 30, 2023, the Supreme Court, among other things, denied that branch of the defendant's motion which was to vacate the judgment of foreclosure and sale. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment of foreclosure and sale. The defendant, as executor of the decedent's estate, transferred the estate's entire interest in the subject property to a corporation after the court granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale. Furthermore, the plaintiff waived any claim for a deficiency judgment against the defendant, including in his individual capacity. Despite the fact that the defendant remained a defendant in the action, the act of transferring the interest in the subject property effectively divested him of standing to challenge the judgment of foreclosure and sale (see Valiotis v Bekas, 191 AD3d 1037, 1038; Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974). Accordingly, under the circumstances of this case, the court correctly determined that the defendant no longer had any interest in the subject property and, therefore, lacked standing to defend the action (see U.S. Bank N.A. v Nur, 208 AD3d 708, 708).
The defendant's remaining contention need not be reached in light of our determination (see id.).
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court